IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| YONEL OLIVIER | * | CIVIL ACTION NO. 06-0100 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Yonel Olivier ("Olivier"), on January 13, 2006. The Government has filed a response to Olivier's petition (Doc. #8). For reasons stated below, it is recommended that Olivier's petition be **DISMISSED without prejudice.**

## BACKGROUND

Olivier, a native and citizen of Haiti, entered the United States in 1991. Olivier was granted asylee status on August 8, 1994, but did not apply to adjust his status to that of a lawful permanent resident. On September 17, 1997, Olivier was convicted of possession of cocaine in the Circuit Court in and for Hillsbourgh County, Florida. He received a sentence of eighteen months, but after violating the terms of his probation, was re-sentenced on February 11, 2003, to twenty-four months incarceration.

On July 27, 2004, the United States Bureau of Immigration and Customs Enforcement ("ICE") served Olivier with a Notice to Appear ("NTA"). The NTA charged that Olivier was subject to removal pursuant to Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act. On January 19, 2005, Olivier was ordered removed to Haiti. Olivier appealed the decision, which was denied on June 15, 2005. On June 15, 2005, a warrant for Olivier's removal was issued and travel documents for his return to Haiti were requested from the Consulate General of Haiti. Olivier remains detained in ICE custody.

ICE reviewed Olivier's continued detention in August 2005 and December 2005. ICE concluded that continued detention was appropriate based upon ongoing efforts to obtain travel documents and its belief that Olivier's removal to Haiti would be executed in the reasonably foreseeable future.

In the early fall of 2005, the United States Government agreed to suspend all removals to Haiti pending the completion of Haiti's presidential elections in October 2005. The October elections, however, were suspended because of fears of violence and civil unrest, and the elections were repeatedly postponed at one month intervals. Finally, on February 7, 2006, Haiti successfully held its presidential elections. ICE maintains that negotiations are continuing between the United States and Haitian governments over the resumption of interviews necessary for the repatriation flights of Haitian citizens and nationals.

In his petition, Olivier challenges his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Olivier, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

**LAW AND ANALYSIS**

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order

becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has expired, Olivier has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has stated that it is engaged in ongoing efforts to obtain Olivier's travel documents from the Haitian government, and has explained that the process has been delayed due to recent elections and changes in administration. The Government notes, however, that repatriations to Haiti have begun, and presumably this means that Olivier's removal will occur in the reasonably foreseeable future. Olivier has failed to provide good reason to believe that his continued detention pending his removal is unconstitutional. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE